IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

ALEXIS MARTINEZ-VARGAS,
Defendant.

CRIMINAL NO. 25-56(GMM)

TYPE C

# PLEA AND FORFEITURE AGREEMENT

**TO THE HONORABLE COURT:**

The United States of America, Defendant Alexis Martinez-Vargas, and Defendant's counsel, Yasmin A. Irizarry, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

### 1. Charges to which Defendant will Plead Guilty

Defendant agrees to plead guilty to Count One of the Indictment.

<u>Count One</u> charges in sum and substance, that beginning on a date unknown but not later than January 28 of 2025, and continuing up to February 5, 2025, in the District of Puerto Rico, and within the jurisdiction of this Court, Alexis Martinez-Vargas, the defendant herein, did knowingly and intentionally combine, conspire, confederate, and agree with others to knowingly and intentionally import into the United States, from places outside thereof, to include the Dominican Republic, five (5) kilograms or more of a mixture or substance containing a detectable amount of

cocaine, a Schedule II narcotic drug controlled substance. All in violation of 21 U.S.C. §§ 952(a), 960(a)(1) & (b)(1)(B)(ii), and 963.

## 2. Stipulation as to the Amount of Narcotics

The United States and Defendant stipulate Defendant shall be accountable for the possession with intent to distribute at least one hundred fifty (150) but less than four hundred and fifty (450) kilograms of cocaine, a Schedule II Narcotic Drug Controlled Substance.

## 3. Maximum Penalties

Count One: The maximum statutory penalty for the offense charged in Count One of the Indictment, is a term of imprisonment of at least ten (10) years, but not more than life; a fine not to exceed the greater of that authorized in accordance with the provisions of 18 U.S.C. or $10,000,000.00; and a supervised release term of at least 5 years, all pursuant to 21 U.S.C. §§ 952(a), 960(a)(1) & (b)(1)(B)(ii), and 963.

## 4. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

U.S. v. Martinez-Vargas 25-56 (GMM)

### 5. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

### 6. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

### 7. Rule 11(c)(1)(C) Warnings

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties have agreed to recommend to the Court a sentence of 37 months of imprisonment as to Count One.

Defendant understands that the Court may either accept or reject this sentencing recommendation, as more specifically described below:

(a) Should the Court accept the sentencing recommendation, the Court would sentence Defendant to the agreed upon sentencing recommendation;

(b) Should the Court reject the sentencing recommendation, the Court would allow the Defendant an opportunity to withdraw Defendant's guilty plea. In this event, should Defendant not withdraw the guilty plea, then the Court could dispose of the case less favorable toward Defendant than the plea

U.S. v. Martinez-Vargas 25-56 (GMM)

agreement contemplated. Should the Court reject the sentencing recommendation, the United States would have the right to withdraw from the plea agreement entirely.

## 8. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

-INTENTIONALLY LEFT BLANK-

U.S. v. Martinez-Vargas 25-56 (GMM)

| SENTENCING GUIDELINES CALCULATIONS<br>COUNT ONE<br>21 U.S.C. §§ 952(a), 960(a)(1) & (b)(1)(B)(ii), and 963 | |
|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2D1.1(c) (at least 150 but less than 450 KG of Cocaine) | 36 |
| Defendant Received a Mitigating Role pursuant to U.S.S.G.§2D1.1(a)(5) | -3 |
| Defendant was a Minor Participant pursuant to U.S.S.G.§3B1.2(b) | -3 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | -3 |
| Defendant is Eligible for Zero-Point Offender, pursuant to U.S.S.G.§4C1.1 | -2 |
| Downward Variance for Early Acceptance of Responsibility, thereby conserving valuable judicial and prosecutorial resources | -2 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | 23 |

| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
|---|---|---|---|---|---|
| 46-57 | 51-63 | 57-71 | 70-87 | 84-105 | 92-115 |

### 9. Sentence Recommendation

As to Count One, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree to recommend a sentence of 37 months of imprisonment regardless of the criminal history category determined by the Court.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

U.S. v. Martinez-Vargas 25-56 (GMM)

### 10. Downward Variance for Early Acceptance of Responsibility

The parties have agreed to recommend at sentencing that the Court grant a two-level downward variance from the applicable sentencing guidelines in recognition of the defendant's early acceptance of responsibility, which promotes the conservation of judicial and prosecutorial resources.

### 11. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

### 12. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court is 37 months of imprisonment, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

### 13. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

U.S. v. Martinez-Vargas 25-56 (GMM)

## 14. Satisfaction with Counsel

Defendant is satisfied with counsel, Yasmin A. Irizarry, Esq., and asserts that counsel has rendered effective legal assistance.

## 15. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

    a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

    b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

    c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

    d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

## 16. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

## 17. Limitations of Plea Agreement

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

## 18. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

## 19. Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

U.S. v. Martinez-Vargas 25-56 (GMM)

20. **Dismissal of Remaining Counts**

At sentencing should there be any pending counts and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

21. **Voluntariness of Plea Agreement**

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

22. **Breach and Waiver**

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

23. **Potential Impact on Immigration Status**

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby

agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### 24. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

### 25. Forfeiture Provision

Defendant agrees to waive and forgo any interests or claims over any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the offenses charged in Count One and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense. Defendant agrees to forfeit the aforementioned property under 46 U.S.C. §70507.

Defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that the forfeiture of assets is part of the sentence that may

be imposed in this case and waives any failure by the court to advise Defendant of this, pursuant to Rule 11(b)(1)(J), at the time Defendant's guilty plea is accepted.

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, giving rise to forfeiture and/or substitute assets for property otherwise subject to forfeiture.

Defendant, by agreeing to the forfeiture stated above, acknowledges that such forfeiture is not grossly disproportionate to the gravity of the offense conduct to which Defendant is pleading guilty. Defendant agrees that the forfeiture provisions of this Plea Agreement are intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.

-INTENTIONALLY LEFT BLANK-

The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assignees until the agreed forfeiture, including any agreed money judgment, is collected in full.

W. STEPHEN MULDROW
United States Attorney

_____
Myriam Y. Fernández-González
Assistant U.S. Attorney, Chief
Transnational Organized Crime Section
Dated: July 24, 2025

_____
Alexis Martinez-Vargas
Defendant
Dated: 7/20/25

_____
María L. Montañez-Concepción
Assistant United States Attorney, Deputy Chief
Transnational Organized Crime Section
Dated: July 23, 2025

_____
Antonio J. López-Rivera
Assistant U.S. Attorney
Dated: 7/23/25

_____
Yasmin A. Irizarry
Counsel for Defendant
Dated: 7/20/25

U.S. v. Martinez-Vargas 25-56 (GMM)

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 7/26/25

_____
Alexis Martinez-Vargas
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 7/28/25

_____
Yasmin A. Irizarry
Counsel for Defendant

U.S. v. Martinez-Vargas 25-56 (GMM)

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, Defendant Alexis Martinez-Vargas admits that Defendant is guilty as charged in Count One of the Indictment and admits the following:

That beginning on a date unknown but not later than January 28 of 2025, and continuing up to February 5, 2025, in the District of Puerto Rico, and within the jurisdiction of this Court, Alexis Martinez-Vargas, did knowingly and intentionally combine, conspire, confederate, and agree with others to knowingly and intentionally import into the United States, from places outside thereof, to include the Dominican Republic, five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

Specifically, on January 30, 2025, at approximately 2:00 AM, a U.S. Customs and Border Protection (CBP) radar detected a vessel near the coast of Levittown, PR. A Fuerzas Unidas de Rapida Acción (FURA) police vessel was notified and approached that location with their sirens and emergency lights activated. Upon arrival, the FURA vessel illuminated the area with its spotlights and Yola type vessel with no lights, grey/blue in color with two outboard engines driving up to the beach and landing on the sand. 6 individuals were seen jumping out of the Yola and running towards a nearby brush line. The Yola was found abandoned with 8 rectangular bales and a 5-gallon bucket within it.

CBP AMO arrived on scene and took custody of the 8 bales and the bucket. Within the abandoned bucket a plastic bag was found containing a Dominican

Republic passport and a wallet. Within the wallet, there was a Dominican Republic "Cedula" ID a Dominican Republic driver's license and a Dominican Republic Interior Y Policia picture ID. All three IDs had the picture of the same individual, bearing the name "Alexis MARTINEZ-VARGAS".

Inside each of the 8 bales several rectangular shaped bricks were found containing a net weight of 316 kilograms of cocaine as per the DEA Southeast Laboratory report.

At approximately 9:00am, while searching the area near the beach where the 6 individuals were last seen fleeing, police officers of the Toa Baja municipal Police encountered an individual attempting to duck and hide near a construction site. He was taken into custody and later identified as Alexis MARTINEZ-VARGAS.

Defendant admits that he knowingly and voluntarily conspired with others to import into the United States from the Dominican Republic at least one hundred and fifty (150) but less than four hundred fifty (450) kilograms of cocaine.

-INTENTIONALLY LEFT BLANK-

U.S. v. Martinez-Vargas 25-56 (GMM)

Had the United States proceeded to trial, it would have presented testimony of law enforcement agents, expert testimony from a narcotics smuggling expert, documentary evidence, and physical evidence, including a sample of the seized cocaine, to prove Defendant is guilty beyond a reasonable doubt. Discovery was provided to the defense in a timely manner.

_____
Antonio J. López-Rivera
Assistant U.S. Attorney
Dated: 7/23/25

_____
Yasmin A. Irizarry
Counsel for Defendant
Dated: 7/20/25

_____
Alexis Martinez-Vargas
Defendant
Dated: 7/20/25